## FULLER & SONS MFG. CO. v. CURTIS & CO. MFG. CO.

(Circuit Court of Appeals, Sixth Circuit. February 8, 1924.)

### No. 3936.

Appeal and error ⬅⇒215(3)—Objection not raised at trial not available on appeal.
> Buyer's claim that court erred in submitting the issue of its breach of contract to jury, because as a matter of law there was no breach, could not be considered on appeal, where it had not been raised at the trial.

In Error to the District Court of the United States for the Western District of Michigan; Clarence W. Sessions, Judge.

Action by the Curtis & Co. Manufacturing Company against the Fuller & Sons Manufacturing Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Harry C. Howard, of Kalamazoo, Mich., for plaintiff in error.

Edgar H. Johnson, of Grand Rapids, Mich. (Travis, Merrick, Warner & Johnson, of Grand Rapids, Mich., on the brief), for defendant in error.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

PER CURIAM. The Curtis Company, as vendor, recovered a judgment against the Fuller Company, as vendee, for damages for a breach by the latter of its contract to buy certain articles which the Curtis Company was to manufacture and sell to it. Whether there was a breach by the vendee depended upon the correspondence. Plaintiff argues that a particular letter from the vendee was a complete anticipatory breach. Defendant argues that it was only a threat of cancellation. The trial judge submitted this question to the jury as one calling for an inference of fact. The defendant's claim of error on the trial is based chiefly on the theory that, as a matter of law, there was no

breach, and therefore no basis for submission to the jury or for the jury's verdict to the contrary.

The record does not indicate that the defendant's present theory on this subject was ever brought to the attention of the trial court. There was neither motion to direct a verdict nor exception to the charge, save in one detail not suggesting this point. Two rules in this court must be familiar: That we will not consider a point not raised below, unless necessary to prevent gross and clear injustice; and that no error can be predicated upon denial of motion for a new trial unless there was a plain abuse of discretion. Neither one of these tests will justify consideration of the matter now argued.

The assignments of error, based upon the rulings on admission of evidence and upon the charge, have been examined. We find no ruling or charge, excepted to, which can be thought to be materially prejudicial.

The judgment is affirmed.